[Civ. No. 2242.   First Appellate District.—October 23, 1917.]

ALMOND CITY LAND AND DEVELOPMENT COMPANY (a Corporation), Respondent, v. MARY HUGHES PATTERSON, Appellant.

VENDOR AND VENDEE — RECOVERY OF INTERMEDIATE INSTALLMENT PAYMENT—PLEADING—TENDER OF DEED.—In an action for the recovery of an intermediate payment due upon a contract for the sale of real property, it is not essential to the statement of the cause of action that the complaint contain an allegation of tender of deed prior to the commencement of the action, where the contract is set forth in full and it is shown therefrom that the sum sued for and interest was due on the contract prior to suit and that the same was unpaid.

ID.—STRIKING OUT PARTS OF ANSWER — JUDGMENT ON PLEADINGS.—Where after the granting of a motion to strike out parts of an answer no sufficient averments remain amounting to a denial of the plaintiff's cause of action, or a defense thereto, the granting of a motion for judgment on the pleadings is not erroneous.

APPEAL from an order of the Superior Court of Alameda County striking out portions of an answer to a complaint and from a judgment on the pleadings. Stanley A. Smith, Judge Presiding.

The facts are stated in the opinion of the court.

H. D. Perry, for Appellant.

H. S. Derby, for Respondent.

THE COURT.—This is an appeal from an order granting the plaintiff's motion to strike out certain portions of the defendant's answer, and also from the judgment on the pleadings rendered and entered after said motion to strike out had been granted and upon plaintiff's motion for such judgment.

The action was for the recovery of an installment payment of six thousand dollars with interest, alleged to be due upon a certain contract for the sale of real estate by the plaintiff to the defendant. Two points are presented upon the appeal: First, that the complaint did not state facts sufficient to constitute a cause of action. We find no merit in this contention. The complaint sets forth in full the contract upon which the action was predicated, and shows that the sum of six thousand dollars and interest was due upon that contract prior to the commencement of this action and that the same was unpaid. The appellant contends that the complaint should also have alleged the tender of a deed on the part of the plaintiff to the defendant covering the premises in question, as a prerequisite to the institution of this action; but in view of the fact that this action was brought for the recovery of an intermediate payment due upon said contract, upon which a further and final payment was still to become due before the defendant was entitled to a conveyance of the premises, and that the contract had not been rescinded, but, on the contrary, the plaintiff chose to stand upon its terms, and to bring this action for the recovery of an intermediate payment due and overdue thereon, no averment of tender of a conveyance of the premises to the defendant prior to the commencement of the action, to which she was not as yet entitled, was required.

The second contention of the appellant is that the answer presented sufficient defenses to the action to defeat a motion for judgment on the pleadings; but our examination of the record discloses that after the trial court had granted the plaintiff's motion to strike out portions of said answer—which order we think was not erroneous—no sufficient averments remained amounting to a denial of the plaintiff's cause of action or a defense thereto. This being so, the order of the court granting the motion for judgment on the pleadings was not erroneous.

The order and judgment are affirmed.